UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE AUSTIN AND KAYE AUSTIN,

Plaintiffs,

vs.

Case No. 2:09-cv-14147

EVANS & LUPTAK, P.L.C., MICHAEL J. MEHR, AND DOES 1 through 20, inclusive,

Hon. Victoria A. Roberts

Defendants.

---

**JOINT PROPOSED DISCOVERY PLAN**

Plaintiff Wayne Austin and Kaye Austin and Defendants Evans & Luptak, P.L.C. and Michael J. Mehr, by and through their respective attorneys, respectfully submit this Joint Proposed Discovery Plan, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)") and with this Court's Amended Notice of FRCP 16(b) Status and Scheduling Conference.

Counsel for Plaintiffs and Defendants conducted a conference in person on February 4, 2010, to discuss each of the issues set forth in Rule 26(f) and the Court's Amended Notice of FRCP 16(b) Status and Scheduling Conference. The parties now jointly submit this proposed discovery plan with regard to the enumerated issues set forth in Rule 26(f) and the Court's Amended Notice of FRCP 16(b) Status and Scheduling Conference:

**1. Background on the action**

**Plaintiffs' summary of background on the action.**

This is a civil action between parties with diversity of citizenship that sounds in attorney malpractice and breach of fiduciary duty. The case arises from acts and omissions made by

Defendants Evans & Luptak, P.L.C. and Michael J. Mehr (a law firm and lawyer based in Bloomfield Hills, Michigan) with regard to estate planning for a long-time client, 60-year-old Kenneth "Wing" Hodas, who had been living in northern California for many years.

For many years, Evans & Luptak and Mr. Mehr had served as attorneys for members of the Hodas family as well as their business entities. The group of Hodas-related clients included Wing Hodas, whose estate plan gives rise to this action, as well his two adult siblings, his parents, and a family partnership -- Hodas Associates, LLC -- that held millions of dollars of stock and real estate in which Wing Hodas held a 32-percent interest. In late 2007, Wing Hodas informed his attorney, Mr. Mehr, that he was terminally ill due to the return of lymphoma that had been in remission for several years, and that he wanted to revise his estate plan to designate as the beneficiaries of his estate (including his 32-percent interest in the Hodas LLC) his dear friends in California, Wayne and Kaye Austin, rather than his only daughter, Rachel Hodas, who would be receiving a seven-figure inheritance from his parents' estate. The Austins lived near Mr. Hodas in California and, among other things, provided some support and care to him as he battled lymphoma. Mr. Hodas requested that Mr. Mehr keep his terminal illness and estate plan changes confidential. In May 2008, about one month before Mr. Hodas's death, Mr. Mehr and Evans & Luptak delivered estate plan and related documents to Wing Hodas that purported to effectuate his desired change in the beneficiaries of his estate to the Austins, and Mr. Hodas executed the documents. Mr. Hodas died on June 11, 2008.

This case arises from alleged acts and omissions by Mr. Mehr and his firm that allegedly caused Mr. Hodas's will to be vulnerable to an ensuing will contest challenge by Wing Hodas's

daughter, Rachel. Plaintiffs allege that a clear-and-convincing evidence burden of proof was imposed upon the Austins in the ensuing will contest on key issues under applicable California law due to the acts and omissions by Mr. Mehr and Evans & Luptak. Plaintiffs allege that acts and omissions by Mr. Mehr and Evans & Luptak caused them millions of dollars in damage, including loss of Wing Hodas's 32-percent interest in the Hodas LLC, which was conveyed to Rachel Hodas in a settlement of the will contest.

More specifically, Plaintiffs allege that Mr. Mehr and Evans & Luptak committed a number of acts and omissions that give rise to claims of attorney malpractice and breach of fiduciary duty, including, but not limited to the following: (1) failing to research or comply with California law in preparation of the estate plan, including disregard of a statutory provision requiring certification of independent review by an independent attorney when a testator is designating as beneficiaries persons who could be defined as "care custodians" under a California probate statute; (2) failing to take adequate steps to protect Mr. Hodas's estate plan changes from a challenge on grounds of undue influence and/or lack of capacity in light of Wing Hodas's terminal illness and his decision to designate friends, rather than his daughter, as beneficiaries; (3) proposing and effectuating changes to the operating agreement of the Hodas LLC after Wing Hodas's confidential disclosures to Mr. Mehr and before his death that engrafted onto the agreement a new mandatory buy/sell provision in the event of death or incapacity of a member, which required the member's interest to be sold back to the LLC and its other members for a *20-percent discount* below fair market value; and (4) facilitating an inquiry by a private investigator regarding the Austins requested by one or more members of the

Hodas family, notwithstanding Mr. Mehr's status as an attorney for Wing Hodas and as a trustee of Wing Hodas's trust to which the Austins had become the beneficiaries.

Plaintiffs respectfully suggest that the principal factual and legal issues in this action include: the acts and omissions by Mr. Mehr and Evans & Luptak in effectuating Wing Hodas's requested changes to his estate plan to designate the Austins as his beneficiaries; the damages arising from the alleged malpractice, specifically including, but not limited to, the value of Wing Hodas's interest in the Hodas LLC; and the implications of specific aspects of California law with regard to Wing Hodas's estate plan and the will contest challenge.

**B. Defendants' summary of background on the action.**

This is a legal malpractice action arising out of a settlement of a will contest filed by the disinherited daughter of the decedent, Kenneth Hodas. The defendants, Michael Mehr ("Mehr") and the law firm of Evans & Luptak, PLC prepared the estate plan at issue. These defendants deny any professional negligence or breach of fiduciary duty.

Mehr and Evans & Luptak had represented Kenneth Hodas ("Hodas"), as well as other members of the Hodas family, for a number of years.

Hodas contacted Mehr in late 2007 and told Mehr that he was facing another bout with cancer and wanted to change his estate plan, leaving a considerable portion of his estate to his "teacher's foundation". Over the next few months, Hodas and Mehr discussed various revisions to the estate plan and the final estate plan documents which were executed in May 2008 left the bulk of Hodas' estate to his "teacher" and friend, Wayne Austin. Upon information, Wayne Austin was the founder or director of a "foundation", "charity" or "cult" known as "End of the Search" a/k/a "EOTS".

Hodas committed suicide on June 11, 2008.

In eight months prior to his death, Hodas made numerous monetary gifts to Wayne Austin, Wayne Austin's wife, Kaye, and to "End of the Search" totaling approximately $550,000. Shortly before he took his life, Hodas also transferred two properties to Wayne Austin which had a combined value of approximately $1 million dollars. The Austins and their foundation, End of the Search, received lifetime transfers from Hodas conservatively estimated at $1.5 million dollars.

Mehr prepared the estate plan as requested by his client; however, Mehr did discuss Hodas' intent to essentially disinherit his only daughter, Rachel, with Hodas. Mehr felt it was extremely unusual for Hodas, a single man, to disinherit his only daughter. Mehr told Hodas that the money was "family money" and should stay with the family. Mehr also advised Hodas that it was likely that his daughter would challenge the estate plan after Hodas' death and suggested to Hodas that he consider leaving his daughter something "substantial", but Kenneth Hodas was undeterred wanting to leave the bulk of his estate to the Austins.

In his Last Will and Testament executed in May 2008, Hodas bequeathed all of his personal effects to his daughter Rachel and left the remainder of his estate to the Kenneth G. Hodas Amended and Restated Revocable Trust Agreement. Under the Trust, upon Hodas death, the trust principal would be distributed to Wayne Austin. If Wayne Austin did not survive Hodas, then the trust principal was to be distributed to Kaye Austin. The primary asset of the Trust was Kenneth Hodas' membership interest in a family held limited liability company, Hodas Associates, LLC.

After Hodas' death, Hodas' daughter, Rachel, challenged the Will, the Trust and Hodas' lifetime transfers to Wayne Austin, Kaye Austin and to The End of the Search. Rachel Hodas also

claimed that the transfer of Kenneth Hodas' shares in the family limited liability company, Hodas Associates, LLC, was prohibited and that the Operating Agreement authorized repurchase of Kenneth Hodas' shares by members of the LLC.

Mehr had talked to Hodas about his intent to transfer his interest in the Hodas family LLC to Wayne Austin. Mehr believed that the Operating Agreement would have to be amended in order to permit giving an outsider any interest in the Hodas family LLC. Mehr had suggested to Hodas that the Operating Agreement be modified to include a provision in the event of the death or mental incapacity of one of the members which would permit the family members to purchase the stock in the Hodas LLC at a 20% discount. Hodas, as well as the other family members, signed this amendment to the Operating Agreement.

The underlying litigation between Rachel Hodas and Wayne and Kaye Austin was settled. Wayne and Kaye Austin relinquished their claim in the shares of the family limited liability company, Hodas Associates, LLC and those shares were transferred to Rachel Hodas. Rachel Hodas assumed liability for all estate, gift or other transfer tax liabilities. As part of the probate, those shares were valued at approximately $1.3 million, although the valuation would fluctuate over time as the limited liability company's assets contained both real estate and stocks.

Wayne and Kaye Austin have now filed a legal malpractice action against Mehr and his firm seeking "millions" of dollars in damages. These defendants deny any professional negligence, breach of fiduciary duty and deny that any acts and/or omissions by them were a proximate cause of any damages allegedly sustained.

**2. Proposed Amendments to the Pleadings**

Plaintiffs anticipate filing an Amended Complaint in this action, which started in state court in Siskiyou County, California, was removed to the United States District Court for the Central District of California, and was transferred to the Eastern District of Michigan. Simply put, the California state court complaint filed by predecessor counsel needs to be updated and revised. Plaintiffs will seek to obtain leave to file an Amended Complaint during the forthcoming scheduling conference or via motion in order to have the pleadings more accurately reflect where this action now is pending and more fully reflect the background of the action set forth above.

Defendants may elect to file a Notice of Non-Party Fault pursuant to MCL 600.2957 and MCL 600.6304.

**3. Admissions Of Facts And Stipulations To The Authenticity Of Certain Documents**

The parties anticipate entering into numerous stipulations as to the authenticity of certain documents, and they are not presently aware of any documents over which a genuine dispute exists with regard to authenticity.

The parties also anticipate working cooperative to identify facts upon which admissions or stipulations can be made.

4. **Depositions**

The parties have identified a group of about 25 to 30 persons who may need to be deposed in this action. Many of the witnesses are non-parties who may have to be subpoenaed for deposition, and many reside in California. This group of witnesses includes: the Austins; Mr. Mehr and potentially several other current or former attorneys or employees of Evans & Luptak; several members of the Hodas family, including Rachel Hodas; several persons familiar with Wing Hodas's plan to change the beneficiaries in his estate to the Austin and his physical and mental capacity, including his doctor and the executor of his estate, Robert Shaw; accountants and others who have personal knowledge regarding the value of Wing Hodas's interest in the Hodas LLC at the time of his death; and attorneys and other persons with personal knowledge of the will contest in California probate court that ensued after Mr. Hodas's death.

The parties propose that an enlargement be made permitting each party to take fifteen (15) depositions without requiring leave of the Court. The parties do not currently expect any deposition to last longer than seven (7) hours in one day.

5. **Interrogatories**

The parties do not currently seek leave to serve in excess of twenty-five (25) interrogatories, including sub-parts.

6. **Expert testimony**

The parties currently anticipate that expert testimony may be required with regard to standard of care and damages issues. More specifically, expert testimony may be required regarding issues relating to the standard of care applicable to Defendants in preparing and effectuating an estate plan for a resident of California; aspects of California probate law and procedure; valuation of Wing Hodas's interest in the Hodas LLC, and valuation of Kenneth Hodas's lifetime transfers to the Austins and/or EOTS; medical and/or other expert testimony regarding undue influence, care and custodian issues; and Plaintiffs' economic damages.

7. **Electronic discovery, and issues relating to disclosure or discovery of electronically stored information.**

The parties discussed the existence of electronically stored information, including e-mails. The parties agreed to produce such information initially in paper form, without prejudice to a party's right to seek the production of such information in electronic form at a later date.

8. **Issues relating to preserving discoverable information**

The parties discussed taking appropriate steps to ensure that electronically stored documents are preserved. Defendants request that Plaintiffs preserve documents which support any care given by them to Kenneth Hodas, all discovery from the probate action in California and any EOTS

website pages from 2005 to the present date in their possession, custody or control. The parties are not aware of any other issues relating to preserving discoverable information.

**9. Outstanding or anticipated discovery disputes, and the basis for any objection**

The parties are not presently aware of any discovery disputes. The parties agreed to work cooperatively to attempt to secure any necessary waivers from non-parties to permit access to discoverable documents, and to draft a stipulated protective order that would protect confidential financial information from public disclosure.

**10. 26(a)(1) disclosure requirements**

The parties agreed to stipulate and propose to make their disclosures required by Rule 26(a)(1) on or before February 25, 2010, rather than February 18, 2010.

**11. Appropriate management plan, including recommended discovery cut-off date**

The parties discussed formulating a management plan that would permit the parties to engage in a non-binding mediation process in approximately June or July 2010 -- i.e., after the parties have had an opportunity to undertake some focused discovery that they deem to be essential to a meaningful effort to explore a relatively early resolution of this matter, but prior to the completion of discovery and prior to expert disclosures. In the event that a June/July 2010 mediation effort is unsuccessful, the parties would contemplate completing discovery by the end of December 2010, with dispositive motion deadlines and trial in early 2011. The parties propose that Rule 26(a)(2)

expert disclosures occur after the June/July 2010 mediation. Defendants are interested in staggering Plaintiffs' and Defendants' expert disclosure, to which Plaintiffs do not object.

**12. State court case evaluation under LR 16.3**

The parties will not consent to the imposition of costs and sanctions if the case is referred to state court case evaluation under LR 16.3.

**13. Resolution of the matter**

The parties have discussed what it would take to resolve this matter. The parties appear to mutually agree that through some initial discovery of underlying facts regarding the alleged acts and omissions that give rise to this action, depositions of the named parties, and discovery relating to the valuation of Wing Hodas's interest in the Hodas LLC, the respective parties may have the information necessary to determine through a non-binding mediation effort in June/July 2010 whether this case can be resolved.

Respectfully submitted,

THE GOOGASIAN FIRM, P.C.

By /s/ Thomas H. Howlett
George A. Googasian (P14185)
Thomas H. Howlett (P57346)
Dean M. Googasian (P53995)
Attorneys for Plaintiffs
6895 Telegraph Road
Bloomfield Hills, MI 48301-3138
248/540-3333
E-mail: thowlett@googasian.com
dgoogasian@googasian.com

Dated: February 8, 2010

RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C.

By /s/ Madeleine R. Szymanski
Vincent C. Rabaut, Jr. (P24443)
Madeleine R. Szymanski (P55567)
E-mail: mszymanski@rmrtt.com
Attorneys for Defendants
333 W. Fort Street, Ste. 1600
Detroit, Michigan 48226
(313) 965-6100

Dated: February 8, 2010