UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE AUSTIN AND KAYE AUSTIN,

Plaintiffs,

vs.                                            Case No. 2:09-cv-14147-VAR-MJH

EVANS & LUPTAK, P.L.C., MICHAEL J.             Hon. Victoria A. Roberts
MEHR,

Defendants.
_____/

| | |
|---|---|
| **GEORGE A. GOOGASIAN (P14185)** | **VINCENT C. RABAUT, JR. (P24443)** |
| **THOMAS H. HOWLETT (P57346)** | **MADELEINE SZYMANSKI (P55567)** |
| **DEAN M. GOOGASIAN (P53995)** | Attorneys for Defendants Evans & Luptak, |
| Attorneys for Plaintiffs | P.L.C. and Michael J. Mehr |
| 6895 Telegraph Road | 333 West Fort Street, Suite 1600 |
| Bloomfield Hills, MI 48301-3138 | Detroit, MI 48226 |
| (248) 540-3333 | (313) 965-6100 |
| thowlett@googasian.com | vrabaut@rmrtt.com |
| dgoogasian@googasian.com | mszymanski@rmrtt.com |

_____/

## ANSWER TO FIRST AMENDED COMPLAINT

## RESERVATION OF SPECIAL AND/OR AFFIRMATIVE DEFENSES
### and
### RELIANCE UPON JURY DEMAND

Defendants Evans & Luptak, P.L.C. and Michael J. Mehr (hereinafter collectively
"Defendants"), by and through their attorneys, Rutledge, Manion, Rabaut, Terry & Thomas,
P.C., for their Answer to Plaintiffs' First Amended Complaint, state as follows:

**Nature of Action**

1.      Defendants do not contest that this is a diversity action; however, to the extent that the allegations contained in this paragraph imply, infer and/or suggest that these Defendants engaged in any conduct that did not conform to the applicable standard of care usually exercised by lawyers under like circumstances and/or did not conform to any other duty properly imposed by law, Defendants deny same as untrue.  As to Plaintiffs' allegation of injury and/or damage, Defendants deny negligence, breach of duty, liability or proximate cause of the alleged injuries and damages but otherwise can neither admit nor deny same for want of sufficient information at present and Plaintiffs are therefore left to their proofs.

2.      Defendants admit that the action was originally filed in California Superior Court, and then removed to the United States District Court for the Central District of California, where it was transferred to the above-entitled judicial district court following the United States District Court of California's determined that jurisdiction and venue are properly before this Court.  As to any remaining allegations contained in this paragraph, Defendants neither admit nor deny same for want of sufficient information at present and leave Plaintiffs to their proofs.

**Parties**

3.      Defendants neither admit nor deny the allegations contained in this paragraph for want of sufficient information at present and leave Plaintiffs to their proofs.

4.      No contest.

5.      No contest.

**Jurisdiction and Venue**

6.      No contest.

7.    Defendants admit that venue is proper in this Court.  As to any remaining allegations contained in this paragraph, Defendants neither admit nor deny same for want of sufficient information at present and leave Plaintiffs to their proofs.

8.    Allegations of injury and/or damage are neither admitted nor denied for want of sufficient information at present and Plaintiffs are left to their proofs, but Defendants deny any negligence, breach of duty, liability and proximate cause for the alleged injuries and damages; otherwise, the allegations are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

**Common Allegations**

9.    No contest.

10.    No contest.

11.    The allegations of this paragraph are neither admitted nor denied as they are vague and not specific and call for legal conclusions; Plaintiffs are therefore left to their proofs.

12.    No contest.

13.    Defendants admit to providing legal services for Hodas Associates, LLC.  As to any remaining allegations, those allegations are neither admitted nor denied as they are vague and not specific and Plaintiffs are therefore left to their proofs.

14.    Defendants can neither admit nor deny the allegations contained in this paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left to their proofs.

15.    Defendants admit preparing estate plans for Kenneth G. "Wing" Hodas.  As to the remaining allegations, Defendants can neither admit nor deny the allegations contained in this

paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left to their proofs.

16.     Defendants neither admit nor deny the allegations contained in this paragraph for want of sufficient information at present and leave Plaintiffs to their proofs.

17.     Defendants admit preparing estate plans for Kenneth G. "Wing" Hodas.  As to the remaining allegations, Defendants can neither admit nor deny the allegations contained in this paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left to their proofs.

18.     Defendants admit preparing estate plans for Kenneth G. "Wing" Hodas.  As to the remaining allegations, Defendants can neither admit nor deny the allegations contained in this paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left to their proofs.

19.     Defendants admit preparing estate plans for Kenneth G. "Wing" Hodas.  As to the remaining allegations, Defendants can neither admit nor deny the allegations contained in this paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left to their proofs.

20.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

21.     Defendants can neither admit nor deny the allegations contained in this paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left to their proofs.

22.     Defendants can neither admit nor deny the allegations contained in this paragraph on grounds of attorney-client privilege and/or as they are vague and not specific and Plaintiffs are left

to their proofs.  Otherwise, the allegations contained in this paragraph are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

23.    No contest.

24.    Defendants admit that Kenneth G. "Wing" Hodas had been divorced and was unmarried at the time of his death.  Otherwise, the allegations contained in this paragraph are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

25.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are incorrect, inaccurate and/or untrue

26.    Defendants admit that Rachel Hodas was the only child of Kenneth G. "Wing" Hodas.  As to the remaining allegations, Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

27.    Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

28.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

29.    Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

30.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

31.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

32.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

33.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

34.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

35.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and as the allegations are vague and not specific and Plaintiffs are left to their proofs.

36.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and Plaintiffs are left to their proofs.

37.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and Plaintiffs are left to their proofs.

38.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and Plaintiffs are left to their proofs.

39.     Defendants can neither admit nor deny the allegations contained in this paragraph for lack of sufficient information at present and Plaintiffs are left to their proofs.

40.     No contest.

41.     Defendants admit that they believed that Kenneth G. "Wing" Hodas had testamentary capacity to execute estate planning documents.  As to any remaining allegations, those allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

42.     Defendants admit that in or about October 2007, Kenneth G. "Wing" Hodas informed Michael Mehr that his cancer had returned and asked Mr. Mehr to keep this information confidential from members of Hodas' family.  Mr. Mehr agreed to do so and did, in fact, keep this information confidential.   As to any remaining allegations, those allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

43.     Defendants admit that in or about October 2007, Kenneth G. "Wing" Hodas informed Michael Mehr that he wished to change his estate plan.

44.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

45.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

46.     Defendants admit that generally, a person may leave his estate to any person(s) or entity(ies) of his/her choosing, regardless of whether the intended beneficiaries are blood relatives. As to any remaining allegations contained in this paragraph, Defendants deny same in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

47.     Defendants admit that generally, a person may leave his estate to any person(s) or entity(ies) of his/her choosing and/or transfer assets to them.   As to any remaining allegations contained in this paragraph, Defendants deny same in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

48.     Defendants admit that Kenneth G. "Wing" Hodas advised Defendants of his intention to transfer certain assets to Wayne Austin and/or Kaye Austin and to name them as beneficiaries and/or successor beneficiaries.   As to any remaining allegations contained in this paragraph, Defendants deny same in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

49.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

50.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

51.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

52.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

53.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

54.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

55.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

56.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

57.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

58.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

59.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

60.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

61.    Defendants admit that Kenneth G. "Wing" Hodas and Michael Mehr discussed certain changes to Hodas' estate plan in approximately October 2007.  The remainder of the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

62.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

63.    Defendants admit that in or about April 2008, Defendants sent to Kenneth G. "Wing" Hodas certain estate planning documents, which speak for themselves.  As to any remaining allegations contained in this paragraph, those allegations are denied in the manner and form alleged as constituting incorrect statements and conclusions of law and fact.

64.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

65.    Defendants admit in part and deny in part the allegations contained in this paragraph, as phrased, and in further response state that Michael Mehr discussed with Kenneth G. "Wing" Hodas, Hodas' wish to bequeath the bulk of his estate to Wayne Austin and/or Kaye Austin and essentially disinherit his only child, Rachel Hodas, and Mehr advised Hodas that it

was likely that Rachel Hodas would contest the estate plan. Otherwise, the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

66.    Defendants admit in part and deny in part the allegations contained in this paragraph, as phrased, and in further response state that Michael Mehr discussed with Kenneth G. "Wing" Hodas, Hodas' wish to bequeath the bulk of his estate to Wayne Austin and/or Kaye Austin and essentially disinherit his only child, Rachel Hodas, and Mehr advised Hodas that it was likely that Rachel Hodas would contest the estate plan. Otherwise, the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

67.    Defendants admit in part and deny in part the allegations contained in this paragraph, as phrased, and in further response state that Michael Mehr discussed with Kenneth G. "Wing" Hodas, Hodas' wish to bequeath the bulk of his estate to Wayne Austin and/or Kaye Austin and essentially disinherit his only child, Rachel Hodas, and Mehr advised Hodas that it was likely that Rachel Hodas would contest the estate plan. Otherwise, the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

68.    Defendants admit in part and deny in part the allegations contained in this paragraph, as phrased, and in further response state that Michael Mehr discussed with Kenneth G. "Wing" Hodas, Hodas' wish to bequeath the bulk of his estate to Wayne Austin and/or Kaye Austin and essentially disinherit his only child, Rachel Hodas, and Mehr advised Hodas that it was likely that Rachel Hodas would contest the estate plan. Otherwise, the allegations are

denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

69.    Defendants admit in part and deny in part the allegations contained in this paragraph, as phrased, and in further response state that Michael Mehr discussed with Kenneth G. "Wing" Hodas, Hodas' wish to bequeath the bulk of his estate to Wayne Austin and/or Kaye Austin and essentially disinherit his only child, Rachel Hodas, and Mehr advised Hodas that it was likely that Rachel Hodas would contest the estate plan.  Otherwise, the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

70.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

71.    Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

72.    Defendants admit that on June 11, 2008, Kenneth G. "Wing" Hodas was found dead in his home.  The manner of death was suicide.

73.    Defendants admit that Michael Mehr was named co-trustee of the Kenneth G. Hodas Amended and Restated Revocable Trust Agreement, which was prepared by Defendants and which speaks for itself.  Otherwise, the allegations are denied in the manner and form alleged as constituting incorrect statements and conclusions of law and fact.

74.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

75.     Upon information and belief, Robert Shaw filed a Petition for Probate in the Siskiyou County Probate Court dated October 29, 2008; otherwise, the allegations are neither admitted nor denied for lack of sufficient information at present and Plaintiffs are left to their proofs.

76.     Defendants state that the subject Petition for Probate and attachments speak for themselves and no response is required.  Otherwise, Defendants deny the allegations in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

77.     Defendants state that the pleadings and documents on file with the Siskiyou County Probate Court speak for themselves and no response is required.  Otherwise, Defendants admit that Rachel Hodas filed a Will Contest and Grounds of Opposition to Probate of Purported Pour-Over Will alleging, inter alia, that Plaintiffs Wayne Austin was a leader of a cult called "End of the Search" a/k/a "EOTS" and that Wayne Austin and Kaye Austin exercised undue influence over Kenneth G. "Wing" Hodas, subverted the decedent's true wishes to that of their own to fund the cult, and assumed complete charge and control of the decedent, his property, his financial and business affairs and provided the decedent with health services and social services and were alleged "care custodians" of Kenneth G. "Wing" Hodas.  Any remaining allegations contained in this paragraph are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

78.     Defendants state that the pleadings and documents on file with the Siskiyou County Probate Court speak for themselves and no response is required.  Otherwise, Defendants

admit that Rachel Hodas filed a Will Contest and Grounds of Opposition to Probate of Purported Pour-Over Will alleging, inter alia, that Plaintiffs Wayne Austin was a leader of a cult called "End of the Search" a/k/a "EOTS" and that Wayne Austin and Kaye Austin exercised undue influence over Kenneth G. "Wing" Hodas, subverted the decedent's true wishes to that of their own to fund the cult, and assumed complete charge and control of the decedent, his property, his financial and business affairs and provided the decedent with health services and social services and were alleged "care custodians" of Kenneth G. "Wing" Hodas. Any remaining allegations contained in this paragraph are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

78.    The allegations of this paragraph are neither admitted nor denied as they are vague and not specific and call for a legal conclusions and Plaintiffs are left to their proofs. Otherwise, the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

79.    The allegations contained in this paragraph are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

80.    The allegations contained in this paragraph are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

81.    The allegations of this paragraph are neither admitted nor denied as they are vague and not specific and call for a legal conclusions and Plaintiffs are left to their proofs. Otherwise, the allegations are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

82.     The allegations of this paragraph are neither admitted nor denied as they are vague and not specific and for want of sufficient information at present and Plaintiffs are left to their proofs.

83.     Defendants admit in part and deny in part the allegations contained in this paragraph and in further response state that a settlement agreement was reached between Plaintiffs and Rachel Hodas, which agreement speaks for itself.  Otherwise, the allegations contained in this paragraph are denied in the manner and form alleged as they constitute incorrect statements and conclusions of law and fact.

84.     Allegations of injury and/or damage are neither admitted nor denied for want of sufficient information at present and Plaintiffs are left to their proofs, but Defendants deny any negligence, breach of duty, liability and proximate cause for the alleged injuries and damages; otherwise, the allegations are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

### Count I

### Professional Malpractice

85.     Defendants reassert and incorporate by reference each and every answer in response to paragraphs 1 through 84 of the First Amended Complaint as if set out herein word for word, paragraph by paragraph.

86.     No contest.

87.     Defendants neither admit nor deny the allegations contained in this paragraph for as they constitute legal conclusions and not statements of fact and Plaintiffs are left to their proofs.

88.     Defendants admit those duties and responsibilities, if any, assumed by them or imposed upon them by operation of law and state that they fully complied with such duties. Defendants deny as untrue any suggestion, assertion or conclusion that these Defendants engaged in any tortious or negligent conduct of any kind, or that they otherwise engaged in any conduct that did not conform to the applicable standard of care usually exercised by lawyers under like circumstances and/or did not conform to any other duty properly imposed by law; otherwise, the allegations of this paragraph, are neither admitted nor denied as they constitute legal conclusions and not statements of fact and Plaintiffs are left to their proofs.

89.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

90.     Allegations of injury and/or damage are neither admitted nor denied for want of sufficient information at present and Plaintiffs are left to their proofs, but Defendants deny any negligence, breach of duty, liability and proximate cause for the alleged injuries and damages; otherwise, the allegations are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

91.     Allegations of injury and/or damage are neither admitted nor denied for want of sufficient information at present and Plaintiffs are left to their proofs, but Defendants deny any negligence, breach of duty, liability and proximate cause for the alleged injuries and damages; otherwise, the allegations are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

## Count II

## Breach of Fiduciary Duty

92.     Defendants reassert and incorporate by reference each and every answer in response to paragraphs 1 through 91 of the First Amended Complaint as if set out herein word for word, paragraph by paragraph.

93.     Defendants admit those duties and responsibilities, if any, assumed by them or imposed upon them by operation of law and state that they fully complied with such duties. Defendants deny as untrue any suggestion, assertion or conclusion that these Defendants engaged in any tortious or negligent conduct of any kind, or that they otherwise engaged in any conduct that did not conform to the applicable standard of care usually exercised by lawyers under like circumstances and/or did not conform to any other duty properly imposed by law; otherwise, the allegations of this paragraph are denied in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

94.     Defendants neither admit nor deny the allegations contained in this paragraph for as they are vague and not specific and to the extent they constitute legal conclusions and not statements of fact and Plaintiffs are left to their proofs.

95.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

96.     Defendants deny the allegations contained in this paragraph, in the manner and form alleged, as they are untrue and constitute incorrect statements and conclusions of law and fact.

97.    Allegations of injury and/or damage are neither admitted nor denied for want of sufficient information at present and Plaintiffs are left to their proofs, but Defendants deny any negligence, breach of duty, liability and proximate cause for the alleged injuries and damages; otherwise, the allegations are denied, in the manner and form alleged, as they constitute incorrect statements and conclusions of law and fact.

WHEREFORE, Defendants Michael J. Mehr and the law firm of Evans & Luptak, P.L.C. pray for judgment of no cause of action, together with costs, expenses and attorney fees, to the extent permitted by law.


**RUTLEDGE, MANION, RABAUT,
TERRY & THOMAS, P.C.**


<u>s/Madeleine R. Szymanski</u>
VINCENT C. RABAUT, JR. (P24443)
MADELEINE R. SZYMANSKI (P55567)
Attorneys for Defendants Evans & Luptak, P.L.C.
and Michael J. Mehr
333 West Fort Street, Suite 1600
Detroit, Michigan 48226
(313) 965-6120
mszymanski@rmrtt.com
vrabaut@rmrtt.com

DATED:  March 24, 2010


**<u>AFFIRMATIVE AND/OR SPECIAL DEFENSES</u>**

PLEASE TAKE NOTICE that at the time of trial in the above captioned matter or earlier by way of motion, to the extent supported by the proofs, which are not presently known, Defendants Michael J. Mehr and Evans & Luptak, P.L.C. (hereinafter collectively "Defendants") will rely upon all of the following applicable special and/or affirmative defenses.

Defendants lack sufficient knowledge or information to form a belief as to the truth of many of the allegations contained in Plaintiffs' First Amended Complaint or specific knowledge of acts contributed to or causing Plaintiffs' alleged injuries and/or damages. Until Defendants avail themselves of their right to discovery, they cannot determine whether the following special and/or affirmative defenses will be asserted at trial or earlier by way of motion. These defenses, however, are inserted in its answer and reservation of special and/or affirmative defenses in order to preserve Defendants' intention to assert these defenses and to avoid waiver of these or any other available defense.

1.      Plaintiff's claims, in whole or in part, are or may be barred because of release, payment, prior judgment, immunity by law, Statute of Limitations, Statute of Frauds, Statute of Repose, or other disability, laches or assignment or other disposition of the claim before commencement of the action.

2.      That Plaintiffs have failed to state a claim or cause of action upon which relief can be granted as to these Defendants.

3.      To the extent supported by the proofs, Defendants owed no duty to Plaintiffs.

4.      To the extent supported by the proofs, one or both Plaintiffs are not the real parties in interest and lack standing to sue.

5.      At all times relevant hereto, Defendants complied with the applicable standard of care as it existed at the time and place in relation to any professional services offered or rendered by them.

6.      With respect to any and all decisions made by Defendants regarding any professional services performed by them, such decisions were matters of professional judgment and are not subject to being second-guessed and are otherwise protected and/or immune to suit

for the reason that such decisions and actions undertaken pursuant to those decisions constituted the good faith exercise of professional judgment and, therefore, cannot provide or form the basis for cognizable legal malpractice claims as a matter of law.

7.    To the extent supported by law, Michigan law governs and/or applies to the claims at issue.

8.    That at all times, Defendants acted carefully, prudently and without negligence and in accordance with the laws of the State of Michigan.

9.    Any alleged negligent acts, omissions or alleged malpractice by Defendants were not and could not be a proximate cause of any alleged injuries or damages sustained by the Plaintiffs.

10.    Plaintiffs' First Amended Complaint fails and/or is barred by Plaintiffs' lack of reasonable reliance.

12.    To the extent supported by the proofs, Plaintiffs' Complaint fails and/or Plaintiffs are barred from recovery in this action by unjust enrichment.

13.    Plaintiffs' First Amended Complaint fails and/or Plaintiffs are barred from recovery in this action by unclean hands.

14.    Plaintiffs' First Amended Complaint fails and/or Plaintiffs are barred from recovery by reason of unconscionability.

15.    Plaintiffs' claims for damages are barred, in whole or in part, for their lack of any reasonable connection, nexus or rational relationship to any professional services and/or actions and/or omissions by Defendants.

16.    All or part of Plaintiffs' cause of action against Defendants is barred by the terms, conditions, nature, scope and limitations of the retention and services performed, if any.

17.    To the extent supported by the proofs, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own comparative negligence and/or fault and/or undue influence and, therefore, judgment, if any, shall be diminished or reduced, in whole or in part, as a result of Plaintiffs' own conduct resulting in the harm complained of in their First Amended Complaint.

18.    Plaintiffs' claims are barred by the doctrines of acquiescence, res judicata, estoppel and/or waiver.

19.    Defendants' actions and/or inactions were not a proximate cause of any injury or damages to Plaintiffs.

20.    Some or all of the damages requested in Plaintiff's First Amended Complaint and any further amendments thereto are limited or not recoverable in this action.

21.    To the extent supported by proofs, Plaintiffs failed to mitigate their damages.

22.    To the extent supported by the proofs, Plaintiffs suffered no damages.

23.    Plaintiffs are not entitled to exemplary and/or punitive damages under Michigan law.

24.    To the extent supported by the proofs, Defendants may be entitled to an offset for any sums that Plaintiffs received as compensation for their alleged damages.

25.    Plaintiffs' entire cause of action against Defendants is groundless, baseless, frivolous and without substance, entitling Defendants to an award of sanctions, including their costs, litigation expenses and actual attorney fees.

26.    To the extent supported by the proofs, Plaintiffs' claims against Defendants and Plaintiffs' alleged injuries and damages are barred in whole or in part by the superseding/ intervening/comparative negligence of others, including Plaintiffs.

27.     That at an appropriate time as discovery continues, Defendants may file a motion or motions for summary disposition based upon F. R. Civ. P. 56 and the grounds contained therein.

28.     Defendants hereby reserve the right to amend, modify, delete or add to the answer and/or affirmative defenses as information becomes known throughout the course of investigation and discovery.

29.     Defendants hereby reserve the right to amend, modify, alter or add to the foregoing answer at the conclusion of discovery and, further, to move for summary disposition or to add affirmative defenses, said reservations being made for the reason that the Plaintiffs' Complaint presently fails to state a cause of action in that it lacks the necessary specificity and is otherwise inadequate and insufficient.

WHEREFORE, Defendants Evans & Luptak, P.L.C. and Michael J. Mehr pray for judgment of no cause of action, together with costs, expenses and attorney fees, to the extent permitted by law.

**RUTLEDGE, MANION, RABAUT,
 TERRY & THOMAS, P.C.**

s/Madeleine R. Szymanski
VINCENT C. RABAUT, JR. (P24443)
MADELEINE R. SZYMANSKI (P55567)
Attorneys for Defendants Evans & Luptak, P.L.C.
and Michael J. Mehr
333 West Fort Street, Suite 1600
Detroit, Michigan 48226
(313) 965-6100
mszymanski@rmrtt.com
vrabaut@rmrtt.com

DATED:  March 24, 2010

## RELIANCE UPON JURY DEMAND

Defendants Michael J. Mehr and the law firm of Evans & Luptak, P.L.C., by and through their attorneys, Rutledge, Manion, Rabaut, Terry & Thomas, P.C., hereby rely upon Plaintiff's Jury Demand, filed on or about March 15, 2010.

**RUTLEDGE, MANION, RABAUT,
 TERRY & THOMAS, P.C.**

s/Madeleine R. Szymanski
VINCENT C. RABAUT, JR. (P24443)
MADELEINE R. SZYMANSKI (P55567)
Attorneys for Defendants Evans & Luptak, P.L.C.
and Michael J. Mehr
333 West Fort Street, Suite 1600
Detroit, Michigan 48226
(313) 965-6100
mszymanski@rmrtt.com
vrabaut@rmrtt.com

DATED:  March 24, 2010

## CERTIFICATE OF SERVICE

I, LINDA S. HALLER hereby certify and say that I am employed by the law firm of RUTLEDGE, MANION, RABAUT, TERRY & THOMAS, P.C., and that on the 24th day of March, 2010, I electronically filed the foregoing paper with the Clerk of the Court and served via electronic filing upon:

**GEORGE A. GOOGASIAN (P14185)
THOMAS H. HOWLETT (P57346)
DEAN M. GOOGASIAN (P53995)**
Attorneys for Plaintiffs
6895 Telegraph Road
Bloomfield Hills, MI 48301-3138
thowlett@googasian.com
dgoogasian@googasian.com

I declare that the statements above are true to the best of my information, knowledge and belief.

s/Linda S. Haller
lhaller@rmrtt.com